UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ELOY PECINA PEREZ,<br><br>Petitioner,<br><br>v.<br>GREG L. JOHNSON, UNITED STATES CHIEF PROBATION OFFICER, et al,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:05 CV 1575<br><br>JUDGE DAN AARON POLSTER<br><br><br>MEMORANDUM OF OPINION AND ORDER |

On June 8, 2005, pro se petitioner Eloy Pecina Perez filed the above-captioned petition for writ of habeas corpus against respondents United States Chief Probation Officer Greg L. Johnson and United States Attorney General Alberto Gonzales pursuant to 28 U.S.C. § 2241. Mr. Perez asserts that the 5 year term of supervised release imposed by the sentencing court is excessive. He seeks a reduction of his supervised release term from 5 years to 3 years.

*Background*

On November 13, 1996, a jury in the United States District Court for the Northern District of Ohio convicted Mr. Perez of violating 18 U.S.C. § 1952, 21 U.S.C. § 841(a) and 21 U.S.C. § 846. See United States v. Rodriguez, et al., No. 3:95cr0772 (N.D. Ohio, filed Oct. 31, 1995).

Judge James G. Carr sentenced petitioner on June 11, 1997 to a term of 120 months on Counts 1 and 23, a 60 month concurrent term for Count 19, followed by 8 years of supervised release on Counts 1 and 23 and a 3 year concurrent term of supervised release on Count 19.

The United States Attorney filed a motion for reduction of sentence on April 30, 2003 pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Judge John W. Potter granted the motion and re-sentenced petitioner on June 23, 2003 to time served and a reduction of his supervised release term to five years on Counts 1 and 23, with a concurrent three year supervised release term on Count 19.

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 was filed pro se in this court by Mr. Perez on April 12, 2005. See Perez v. United States, No. 3:05cv7169 (N.D. Ohio, filed Apr.12, 2005). In his motion petitioner argued that his supervised release term should have been reduced to 3 years for Count 23 because the mandatory sentence was essentially "waived" by the government when it filed its Rule 35(b) motion. He voluntarily dismissed the petition as untimely, however, on June 16, 2005.

*Analysis*

In his petition before this court Mr. Perez argues that his term of supervised release should have been 3 years instead of the 5 year term the court imposed. He maintains that the court lacked jurisdiction to impose the 5 year term of supervised release because it exceeded the "proper maximum term of three years, or less[]." (Pet. at 2.) He cites Blakely v. Washington, __U.S.__, 124 S.Ct. 2531 (2004) as setting forth the proposition that the Sixth Amendment prohibits the imposition

of a sentence beyond the legally prescribed maximum.[1] Mr. Perez concedes that he neither objected to his term of supervised release at the time the court imposed it on June 23, 2003, nor appealed the term to the Sixth Circuit. He does not perceive this failure as an impediment to filing his petition before this court, because he characterizes the issue before this court as a "jurisdictional defect" that cannot be procedurally defaulted. As such, he maintains that he is not required to show cause and prejudice for his failure to raise this issue at an earlier point.

*28 U.S.C. § 2241*

A. *Custody Status*

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; see Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has in personam jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. Braden, 410 U.S. at 495

At the time Mr. Perez filed the petition before this court he was not a prisoner.[2]

---

[1]The Blakely Court found that Jones v. United States, 526 U.S. 227 (1999); Apprendi v. New Jersey, 530 U.S. 466 (2000); and Ring v. Arizona, 536 U.S. 584 (2002), made clear "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S., at ----, 124 S.Ct., at 2537. In a later opinion, the Court in part, concluded that the Sixth Amendment as construed in Blakely applies to the Federal Sentencing Guidelines. See United States v. Booker, __U.S.__,125 S.Ct. 738, 742 (2005).

[2]Since this case was filed, Mr. Perez was indicted in this court on August 3, 2005. See United (continued...)

Generally, a petitioner need only be "in custody" at the time the petition was filed for the purposes of the habeas statutes. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). Although Mr. Perez was not a prison inmate at the time he filed this petition, courts have held that a paroled prisoner was in the custody of his state parole board for the purposes of 28 U.S.C. § 2241. Jones v. Cunningham, 371 U.S. 236 (1963). "While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute...." Id. at 243; see also DePompei v. Ohio Adult Parole Auth., 999 F.2d 138, 140 (6th Cir.1993). Therefore, for purposes of reviewing his petition in this court pursuant to § 2241, Mr. Perez is "in custody."

B. *Attacking Validity of a Conviction*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). As a matter of law, a sentence is presumed valid until vacated under § 2255. See Atehortua v. Kindt, 951 F.2d 126, 129 (7th Cir.1991) (The exclusive remedy for individuals challenging the validity of a sentence is 28 U.S.C. § 2255.); Carnine v. United States, 974 F.2d 924 (7th Cir.1992); United States v. Roman, 989 F.2d 1117 (11th Cir.1993) (en banc ). This includes attempts to set aside a term of supervised release. See United States v. Cofield, 233 F.3d 405, 407-08 (6th Cir. 2000). Thus, a

---

[2](...continued)
States v. Perez, No 3:05cr0772, (N.D. Ohio Aug. 3, 2005).

federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles, 180 F.3d at 755-56; Capaldi, 135 F.3d at 1123.

Here, Mr. Perez previously filed a § 2255 motion that was untimely. He now seeks this court's federal habeas relief because the sentencing court's decision allegedly violated his Sixth Amendment rights as set forth in Blakely. Beyond these facts Mr. Perez provides no window into the basis upon which he now asserts this court's subject matter jurisdiction pursuant to § 2241. Moreover, his reliance on Blakely is misplaced because it was the Court's decision in the Booker that applied Blakely to the Federal Sentencing Guidelines. Further, a cursory reading of Booker clearly forecloses any attempt to seek review through § 2241 because the Court decided

> to apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act– to all cases on direct review. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987) ('[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past'). See also Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 752 (1995) (civil case); Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (same). That fact does not mean that we believe that every sentence gives rise to a Sixth Amendment violation. Nor do we believe that every appeal will lead to a new sentencing hearing.

Booker, 125 S.Ct. at 769(emphasis added).

Mr. Perez's case was not on direct review at the time the Booker opinion was issued. The fact that he failed to appeal the district court's decision or file a timely motion to vacate does not render § 2255 inadequate or ineffective. The Sixth Circuit has clearly rejected the idea that a petitioner who is time-barred from filing a § 2255 motion has grounds to file a § 2241. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision per curiam).[3] Consequently, there is no basis in law for this court's subject matter jurisdiction over petitioner's claim pursuant to § 2241

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 8/22/05*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

[3]Courts have added that the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."